UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JESSICA NGUYEN, as next friend of,
CHAN NGUYEN,

      Petitioner,

v.                                            Case No. 3:25-cv-955-MMH-PDB

UNITED STATES,

      Respondent.
_____

## ORDER

This cause comes before the Court on a pro se letter (Doc. 1), filed on August 21, 2025, by Jessica Nguyen as "next friend" of her husband, Chan Nguyen. Mr. Nguyen has been detained at the Baker County Detention Center on an immigration charge since May 12, 2025. In the letter, Ms. Nguyen asks the Court to grant Mr. Nguyen's "early release" because his detention has caused a hardship for their family.

To the extent Ms. Nguyen asserts that Mr. Nguyen is being illegally held in immigration custody, she has not properly initiated a habeas corpus case under 28 U.S.C. § 2241. An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in [his] behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common law tradition of permitting a "next

friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. See Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). However, "'[n]ext friend' standing is by no means granted automatically . . . ." Id. at 163. The person seeking next friend status must provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts. Id.

Ms. Nguyen does not demonstrate that "next friend" status is appropriate. She neither asserts that Mr. Nguyen is mentally incompetent nor that he has been denied access to the courts. Therefore, she lacks standing to initiate this action on Mr. Nguyen's behalf. See Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007)[1] (per curiam) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition.").

Accordingly, it is

**ORDERED**:

1.   This case is **DISMISSED without prejudice**.

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of August, 2025.

*[signature: Marcia Morales Howard]*
MARCIA MORALES HOWARD
United States District Judge

Jax-9 8/22
c:   Jessica Nguyen

3